
FILED
2009 Sep-09 PM 02:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| EVIN CHANEY, et al., ] | |
| ] | |
| Plaintiffs, ] | |
| ] | |
| vs. ] | 7:09-CV-01441-LSC |
| ] | |
| COVENTRY HEALTH & LIFE ] | |
| INSURANCE COMPANY d/b/a ] | |
| COVENTRY HEALTHCARE, ] | |
| ] | |
| Defendants. | |

MEMORANDUM OF OPINION

I.   Introduction.

Plaintiffs Evin Chaney, Willie Chaney, Johnnie Davis, Dealia Hinton, Mable Lawson, and Marie McCorkle, ("Plaintiffs"), residents of Alabama, filed suit against Coventry Health and Life Insurance Company ("Coventry"), a corporation organized under the laws of Delaware with its principal place of business in Maryland, in the Circuit Court of Sumter County, Alabama on May 15, 2009. Defendants removed this action to this Court on July 17, 2009, averring federal jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of

citizenship).

On August 10, 2009, plaintiffs filed a motion to remand, claiming that this action is not properly removable pursuant to 28 U.S.C. § 1332(a) because the value of Plaintiffs' individual claims do not exceed the sum or value of $75,000 as required by the statute, and those claims should not be aggregated for the purposes of establishing jurisdiction.[1]  (Doc. 5.)  The issues raised in this motion have been fully briefed.  Upon due consideration this Court finds that removal was not proper, and that this case is due to be remanded.

II.     Background.[2]

According to the complaint, Plaintiffs are customers of Coventry who enrolled through that company in the Advantra Freedom plan, a Medicare Advantage plan.  Under this plan, Medicare pays private insurers a monthly

---

1. Plaintiffs also argue that the settlement demand letter purporting to establish the value of each individual claim fails on its face to establish by a preponderance of the evidence the value of each claim at $42,500.  As the Court finds that Plaintiffs claims cannot be aggregated in any event, the Court does not reach the issue of whether the settlement demand meets the requirements of *Lowery v. Ala. Power Co.*, 483 F.3d 1184 (11th Cir. 2007).

2. The facts recited in this opinion are, unless otherwise indicated, taken from the allegations contained in Plaintiffs' complaint.

fee to administer and manage enrollees' healthcare, but Medicare no longer pays for the healthcare itself.  Plaintiffs allege that Coventry's sales agents fraudulently and tortuously misled them into enrolling in the Advantra Freedom plan, a plan that was unsuitable for their needs, resulting in higher costs and other damages.

> III.  Analysis.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*,  511 U.S. 375, 377 (1994).  For removal to be proper, the court must have subject-matter jurisdiction in the case.  "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  In addition, the removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand.  *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  The removing party bears the burden of establishing subject-matter jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

Before this Court can exercise diversity jurisdiction, complete diversity

of citizenship must exist. "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Here the existence of diversity is not disputed. 28 U.S.C. § 1332(a) also requires, however, that the amount in controversy exceed the sum or value of $75,000. Coventry maintains that this amount has been exceeded, as the claims of each party can be aggregated for purposes of the jurisdictional amount.

The standard for aggregating claims is well-settled, if somewhat ambiguous. The Supreme Court in *Pinel v. Pinel* held, "[W]hen two or more plaintiffs having separate and distinct demands unite in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount; but when several plaintiffs unite to enforce a single title or right in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount." 240 U.S. 594, 596 (1916). The Eleventh Circuit reiterated that position in *Friedman v. New York Life Ins. Co.*, a case very similar to the instant matter. 410 F.3d 1350 (11th Cir. 2005). In *Friedman*, the plaintiff sued on behalf of herself and a similarly

situated class for increased premiums that she claimed constituted violations of certain statutory provisions of Florida law.  *Id.* at 1351.  Following removal by the insurance company, the plaintiff sought remand on the basis that the amount in controversy for each party did not exceed $75,000 and that aggregation was inappropriate.

The court agreed.  First, the court restated the general rule on aggregation, writing, "Generally, if no single plaintiff's claim satisfies the requisite amount in controversy, there can be no diversity jurisdiction. However, there are situations in which multiple plaintiffs have a unified, indivisible interest in some common fund that is the object of litigation, permitting them to add together, or 'aggregate,' their individual stakes to reach the amount in controversy threshold." *Id.* at 1353 (citations omitted). The court noted the "arcane and confusing" nature of the aggregation standard, but made an important point, namely, "[T]here appears to be a common thread in the relevant case law—the presence of a 'common and undivided interest' is rather uncommon, existing only when the defendant owes an obligation to the group of plaintiffs as a group and not to the individuals severally." *Id.* (citations omitted).  The court further

circumscribed the circumstances in which aggregation is appropriate, citing a Fifth Circuit case that held, "The Supreme Court has evinced a desire to give a strict construction to allegations of the jurisdictional amount in controversy, so as to allow aggregation only in those situations where there is not only a common fund from which the plaintiffs seek relief, but where the plaintiffs also have a joint interest in that fund, such that if plaintiffs' rights are not affected by the rights of co-plaintiffs, then there can be no aggregation. . . . In other words, the obligation to the plaintiffs must be a joint one." *Id.* at 1353-54 (citing *Eagle Star Ins. Co. v. Maltes,* 313 F.2d 778 (5th Cir. 1963)).  The Court attempted to provide guidance in determining what it means to have a "common and undivided interest," noting that the paradigmatic examples include "claims to a piece of land, a trust fund, an estate, an insurance policy, or lien, or an item of collateral." *Id.* at 1356 n.4.  These examples stand in contrast to those instances in which plaintiffs do "not see their recovery in any way diminished" by the recovery of another. *Id.* at 1356.

    There is little distinction between the *Friedman* case and the one presently before this Court.  Coventry attempts to show that *Friedman* is

"inapposite," arguing that Plaintiffs' claims "stem from their shared interest in a federal administrative program, an interest that they share in common with all Medicare Advantage beneficiaries." (Doc. 9 at 11.) Coventry then argues that this case is more akin to *Black v. Beame*, 550 F.2d 815 (2d Cir. 1977) (aggregating claims in a lawsuit brought against the state seeking funds to allow a family to hire a social worker rather than put their children in foster care). This creative characterization of Plaintiffs' claims lacks foundation. Unlike in Black, Plaintiffs' are neither suing a state actor nor seeking an "obvious . . . interest in family services [that] is 'common and undivided.'" *Id.* at 817-818. Rather, they are alleging that Coventry, in an effort to collect greater fees from Medicare, fraudulently induced them to purchase an insurance product that was not proper for their needs.[3] Just as in *Friedman*, there is no common interest at stake, and aggregation would be inappropriate.

Furthermore, Coventry's attempts to tie this matter to the Medicare

---

3. It is unclear to what extent *Black* even retains persuasive value, as the Eleventh Circuit noted in *Friedman* that *Black* is from a different age when "courts were more indulgent in finding federal jurisdiction in that context in order to address significant federal questions." *Friedman*, 410 F.3d at 1355 n.3.

system itself are unavailing.  Coventry argues that if Plaintiffs succeed, "they will have fundamentally altered the regulatory framework governing Medicare Advantage plans."  (Doc. 9 at 14.)[4]  The Court finds this claim to be disingenuous.  Coventry will no doubt offer many defenses to Plaintiffs' claims.  One of those defenses may be that Coventry was simply acting as required by federal statute.  But what those defenses may be and whether or not they succeed, they do not, in a case such as this, determine the appropriateness of federal jurisdiction.  *See, e.g., Louisville & N. R. Co. v. Mottley*, 211 U.S. 149 (U.S. 1908).  Plaintiffs' claims are not novel, and they do not seek a radical change in the Medicare system.  Instead, they are pursuing state law claims against an entity they claim violated the law while selling them a product.  Such claims are not the appropriate subject of aggregation.

IV. Conclusion.

For the reasons herein stated, this Court grants Plaintiffs' motion.

---

4. Coventry provides no case law explaining how a suit against an insurance company for fraud and other state law torts equates to a "claim by a Medicare beneficiary against the Department of Health and Human Services for alleged misrepresentations of an agent of the Secretary." (Doc. 9 at 13.)

This matter will be remanded to the Circuit Court of Sumter County, Alabama from whence it came.  A separate order consistent with this Opinion is issued herewith.

    Done this 9th day of September 2009.

                                            L. SCOTT COOGLER
                                  UNITED STATES DISTRICT JUDGE

153671